■ SHALOM BROKERAGE, INC., et al., Appellants, v NASSAU INSURANCE COMPANY et al., Respondents, et al., Defendants. — In an action, *inter alia,* to recover damages for defamation, plaintiffs appeal (1) from an order of the Supreme Court, Westchester County, entered July 8, 1980, which, *inter alia,* denied their motion pursuant to CPLR 3126 to strike the counterclaims of defendant Simon, Boro Hall, Brenker, Incorporated for willful failure to provide proper answers to plaintiffs' interrogatories dated January 31, 1980, and (2) as limited by their brief, from so much of an order of the same court, dated September 8, 1980, as granted the motion of defendant Nassau Insurance Company to reargue their prior motion to vacate plaintiffs' interrogatories dated May 23, 1980 (which motion had been denied in an order entered June 20, 1980) and, upon reargument, in effect granted said defendant's motion to vacate with leave to plaintiffs to "re-serve" proper interrogatories. Order entered July 8, 1980 affirmed, with $50 costs and disbursements. No opinion. Order dated September 8, 1980 reversed insofar as appealed from, with $50 costs and disbursements, motion of Nassau to reargue denied and order entered June 20, 1980 reinstated, with leave to renew upon proper papers. The motion of defendant Nassau Insurance Company, which is more properly one to renew, was supported by a single affidavit sworn to by its president. The affidavit asserts in conclusory fashion and upon second-hand knowledge that retrieval of the information sought by plaintiffs will involve computer costs of $14,000 to $21,000. A comprehensive explanation for the failure to disclose, based upon personal knowledge, should have been submitted. Titone, J.P., Managano and Cohalan, JJ., concur.

Lazer, J., concurs in part and dissents in part, with the following memorandum: Although I concur in affirmance of the order entered July 8, 1980 and in reversal of the order dated September 8, 1980, I do not believe the reversal should include leave to renew "upon proper papers". It is clear to me that plaintiffs are entitled to have their interrogatories answered, and I do not see how they can be materially pruned. That being so, the fact that it may be expensive to provide the answers is no reason to deny plaintiffs the disclosure to which they are entitled. Therefore, it is of no moment whether defendant Nassau Insurance Company can supplement its skimpy affidavit and make a better showing that compliance with plaintiffs' interrogatories would involve substantial expense.